## GENERAL RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement is entered into this 30 day of August, 2012, by and between the Parties identified in Section 1. below:

**1.**

The following terms as used in this General Release and Settlement Agreement ("Agreement") shall be defined as set forth in subparagraphs (a) and (b) of this paragraph:

(a) All references to "Magaro" shall refer to Gerarde Magaro and his estate, heirs, devisees, legatees, representatives, spouse(s), attorneys, agents, executors, administrators, agents, successors, sureties and assignees.

(b) All references to "Champion" shall refer to Champion Construction Systems, Inc. , and its shareholders, directors, officers, employees, partners, venturers, members, subsidiary corporations, affiliated corporations, parent corporations, divisions, agents, attorneys, predecessors, successors, sureties, assignees and other related entities.

**2.**

For and in consideration of the promises and other consideration described in this Agreement, and as a material inducement for Magaro and Champion, individually to enter into this Agreement, Magaro shall dismiss the lawsuit captioned <u>Gerarde Magaro v. Champion Construction Systems, Inc.</u>, Civil Action File No. FLSA Action 3:12-cv-00062-TCB (the "Lawsuit"). The Parties agree that the Lawsuit shall be stayed or administratively closed until final payment is made. After the final payment is received, then the Parties will file a joint stipulation of dismissal with prejudice.

Magaro further warrants and represents that he has filed no other claims, charges or lawsuits against Champion. Magaro further covenants and agrees not to reinstate any claims in the lawsuit or to initiate or pursue any other claims, complaints or proceedings for damages or other relief against Champion based upon, arising from, or in any way related to any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred up to the date of this Agreement, including, but not limited to, any matters related to Magaro's employment with Champion. Magaro also agrees to waive any right or entitlement to and agrees not to accept, in whole or in part, any settlement or award other than those expressly permitted by this Agreement based on claims, charges or complaints filed against Champion by any third party, which are based upon, arising from, or in any way related to any matter, act, omission, transaction, occurrence or event that has occurred or is alleged to have occurred up to the date of this Agreement.

## 3.

Magaro agrees to RELEASE, ACQUIT, AND FOREVER DISCHARGE Champion from any and all claims, known or unknown, foreseen or unforeseen, matured or unmatured, developed or undeveloped, discoverable or undiscoverable, which exist as of the effective date of this Agreement including, but not limited to, any and all claims asserted, or which could have been asserted, in the charge and from any and all claims arising out of, involving, or related to Magaro's hire, employment, resignation or termination of employment with Champion. It is expressly understood that this Agreement extinguishes any and all claims relating to Magaro's employment with Champion specifically including, but not limited to, claims for damages, wages, costs, or attorneys' fees, whether arising under tort or contract theories, or any federal,

state, or local law, including but not limited to any claims pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and otherwise, 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1866, 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991; the Civil Rights Act of 1870, 42 U.S.C. § 1983; the Equal Pay Act, 29 U.S.C. § 206(d) et seq.; the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 as amended by the Civil Rights Act of 1991 and the ADA Amendments Act, the Employee Retirement Income Security Act; the Rehabilitation in Employment Act, 29 U.S.C. § 793 et seq.; Executive Order No. 11246 and/or 11375; any state anti-discrimination law; any other federal law; any other state or local statutory, court-made or administrative laws, regulations, ordinances or executive orders; any alleged contract, whether written or implied between Champion and Magaro, individually, or other persons or entities covered by this Agreement; and/or any other basis whatsoever, whether or not characterized as violations continuing in nature. Also specifically included without limitation among the claims knowingly and voluntarily waived and released by Magaro above are any claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA").

## 4.

Champion agrees to pay to the order of "Gerarde Magaro" the total amount of Eight Thousand Seven Hundred Sixty Dollars ($8,760) as follows: $4,380 as back wages with normal employment taxes withheld; and $4,380 as miscellaneous other income as liquidated damages. And, Champion agrees to pay to "Martin & Martin, LLP" the total amount of Six Thousand Two Hundred and Forty Dollars ($6,240.00) as legal fees and costs. The parties agree that these payments are made in resolution of disputed legal claims. The parties agree that that they

separately negotiated the amounts to be paid to Magaro for his alleged unpaid wages and liquidated damages from the amounts to be paid to Magaro's counsel for costs and attorneys' fees associated with the prosecution of this matter. The parties further agree that Champion will issue to Magaro (for the liquidated portion of the payment) and to Martin & Martin an IRS Form 1099 in connection with the above-referenced payments. Champion has not made any determination that these payments are not taxable under federal, state or local law. In the event that any federal, state, or local taxing authority should rule that taxes are due on this payment, however, Magaro and Martin & Martin, LLP shall be respectively responsible for all such taxes to the maximum extent permitted by law and, if any federal, state or local authority makes a claim or institutes a proceeding against Champion, individually, in connection with any amount paid to Magaro and/or Martin & Martin, LLP pursuant to this Agreement, Magaro and/or Martin & Martin, LLP respectfully as appropriate agrees to fully and completely indemnify Champion for all taxes and costs reasonably associated with defending against the claim or proceeding.

## 5.

Except as provided in Paragraph 4 above, the Parties unconditionally and reciprocally release and agree to hold each other harmless from any claims for attorney's fees, costs, or expenses in any form incurred by the Parties.

## 6.

The release provided herein is given voluntarily and is not based upon any representations or statements of any kind by any party, or representative of any party, as to the

merit, legal liability, or value of any claim or claims released herein, or any other matter relating thereto.

## 7.

The parties mutually agree and understand that by entering into this Agreement, Champion does not in any way admit, but rather specifically denies committing any act or failure to act in violation of any law, statute or regulation. The monetary consideration paid to Magaro and the promises and releases recited and referred to herein are given and accepted to resolve potential, doubtful and disputed claims, and to avoid the expense of litigation and shall not be construed as an admission of liability on the part of Champion individually, or any related or affiliated person, partnership or corporation, or an admission of the validity of any disputed factual contention, and Champion, individually, denies any such liability.

## 8.

Champion, individually, agrees that, within ten (10) business days after the Court has approved the Settlement, Champion will mail checks in the amounts provided for in Paragraph 4 of this Agreement to Magaro's attorney, Thomas Martin, Martin & Martin, LLP, P.O. BOX 1070, Tucker, GA 30085 - 1070.

## 9.

Magaro represents, warrants, covenants and agrees that he will keep confidential and otherwise not disclose to any person or entity, excepting his attorney, accountant or tax preparer and spouse, the allegations in the charge, or the terms of this Agreement unless compelled to do

so by Court order. Magaro represents that he has kept confidential and has not disclosed to any person or entity the terms of this Agreement or the terms of the settlement of the lawsuit since the parties orally agreed to settle the charge. Upon inquiry regarding this action, the allegations in the charge, and the resolution of the disputes among the parties, including this Agreement, Magaro shall state only that the proceedings have been resolved to the satisfaction of all parties concerned. Magaro acknowledges and agrees that the representations and warranties in this paragraph are a material inducement for Champion to enter into this Agreement.

## 10.

Magaro agrees that he shall not seek or accept employment with Champion after the date of this Agreement.

## 11.

The terms and conditions of this Agreement shall be binding upon and inure to the benefit of all parties, to all present and former employees, officers, directors, agents, representatives, successors, assigns, and every person (whether natural or artificial), firm, or entity, now or previously affiliated with any of the parties, in any manner whatsoever, or which may become affiliated with any of the parties in the future.

## 12.

The parties warrant and represent that they have not sold, assigned, granted, conveyed, or transferred to any other person, firm, corporation, or entity, any of the claims, demands, actions, or causes of action described herein.

## 13.

The parties covenant and warrant that no promise or inducement has been offered or made except as set forth herein; that all parties have read this Agreement or had it read and explained to them, understand all of its terms, and understand that this Agreement constitutes the entire agreement between the parties; and that the undersigned individuals are executing this Agreement voluntarily and with full knowledge of its significance following discussion with counsel.

## 14.

This Agreement shall be construed under and in accordance with the laws of the State of Georgia.

## 15.

Magaro understands he has twenty-one (21) calendar days to consider this Agreement; he acknowledges that he was advised by Champion to have this Agreement reviewed by legal counsel. Magaro understands that he may revoke this Agreement for a period of seven (7) days following the day he executes this Agreement. Any revocation within this period must be submitted in writing, to Champion's attorneys, Melissa D. Griffis and Carrie B. Markham, Rosenzweig, Jones, Horne & Griffis, P.C. 32 S. Court Square Newnan, Georgia 30263 and postmarked within seven (7) days of the day this Agreement is executed. This Agreement shall not become effective or enforceable until the revocation period has expired. If the last day of the revocation period is a Saturday, Sunday or legal holiday in Georgia, then the revocation period shall not expire until the next following day that is not a Saturday, Sunday or legal holiday.

THE UNDERSIGNED HEREBY DECLARE THAT THE TERMS OF THIS SETTLEMENT HAVE BEEN COMPLETELY READ AND ARE FULLY UNDERSTOOD AND VOLUNTARILY ACCEPTED FOR THE PURPOSE OF MAKING A FULL AND FINAL COMPROMISE AND ADJUSTMENT AND SETTLEMENT OF ANY AND ALL CLAIMS, DISPUTED OR OTHERWISE, ON ACCOUNT OF THE INJURIES OR DAMAGES ABOVE MENTIONED.

_____
Gerarde Magaro
DATE: 8/30/2012

_____
Thomas F. Martin
Counsel for Gerarde Magaro
DATE: 9/2/2012

Champion Construction Systems, Inc.
By_____
Its_____President_____
DATE: 9/12/12

_____
Melissa D. Griffis
Counsel for Champion Construction Systems, Inc.
DATE: 9/12/12